Springfield Housing Authority *vs.* Brenda Oldham-King. September 14, 1981. This case began as a summary process action for nonpayment of rent but was converted by amendment to an action for declaratory relief when the defendant paid the rent arrearages but not the legal costs (in this case, the cost of the sherriff's service of the notice to quit, which amounted to $7.05). A judgment entered declaring that the defendant, in order to reinstate the tenancy, was obligated to pay not only the arrearage but also the $7.05. General Laws c. 186, § 11, as amended through St. 1977, c. 494, § 1, provides that a tenancy may be determined in these circumstances by fourteen days' notice to quit "unless the tenant, on or before the day the answer is due, . . . pays or tenders to the landlord or to his attorney all rent then due, with interest and costs of suit." We assume, without deciding, that the $7.05 was a cost of suit within the meaning of § 11 and that, under the statute, a landlord may ordinarily insist on the payment thereof. Here, however, the lease between the parties provided that the Authority agreed "[t]o impose no notices, penalties, costs or other charges on Tenant, except those specifically provided for in this Lease. Court costs will be imposed on Tenant if the . . . Authority prevails in the court action." We hold that the language constituted a waiver by the Authority of its entitlement to costs in summary process actions other than those in which the Authority recovers a judgment in its favor. Under the lease language, the test is not whether the Authority would

have prevailed if the tenant had not paid the rent due but whether the Authority did in fact recover a judgment. The declaratory judgment is reversed, and a new judgment is to enter declaring that the defendant is not obligated to pay the Authority the $7.05 in question.

*So ordered.*

*Dean Ambrose* for the defendant.
*Mary Z. Stuart* for the plaintiff.